## M. S. WRIGHT CO. v. BISSELL CARPET SWEEPER CO.

(District Court, S. D. New York. March 20, 1917.)

PATENTS ☞328—INVENTION—PNEUMATIC CARPET CLEANER.

> The Sturgeon patent, No. 996,810, for a pneumatic carpet cleaner, *held* void for lack of invention, in view of the prior art.

In Equity. Suit by the M. S. Wright Company against the Bissell Carpet Sweeper Company for infringement of letters patent No. 996,-810, for a pneumatic carpet cleaner, issued to Harold M. Sturgeon July 4, 1911. On final hearing. Decree for defendant.

L. S. Bacon and C. L. Sturtevant, both of Washington, D. C., and L. W. Southgate, of Worcester, Mass., for plaintiff.

Drury W. Cooper, of New York City, and Fred L. Chappell, of Kalamazoo, Mich., for defendant.

MAYER, District Judge. Claim 1 will sufficiently illustrate this patent. It reads:

"1. The combination, in a pneumatic carpet· cleaner, of a dust box, a screen device, slidably mounted in the upper portion of said box, adapted to be removed and replaced within said box, a suction nozzle, secured to and supporting the front end of said box, the exit therefrom entering said box under said screen device, journal bearings, secured to the rear end of said box, a crank shaft in said bearings, cranks in said shaft, a suction device above said box, communicating with the interior thereof above said screen device, pitmen extending between the cranks in said crank shaft and said suction device, and traction wheels, secured on said crank shaft, adapted to support the rear end of said dust box and rotate said crank shaft, substantially as set forth."

What Sturgeon did differently from the Baender patent was (1) to provide a slidable screen and (2) to employ a crank shaft for the traction wheels and hitch it up directly with the bellows through single pitman mechanism. He used V-shaped bellows with their hinged ends "adjacent to the suction nozzle and the vibrating ends thereof adjacent to the supporting wheels"—an element in substance disposed of in the case involving the Baender patent, and certainly, in view of the Baender patent, not imparting novelty to the combination here claimed.

The slidable screen element is not novel, in view of Applegate, No. 1,016,600, dated February 6, 1912, and applied for July 10, 1909, and the Dudley models D and G, or Applegate alone. The V bellows and the crank and pitman mechanism eliminate the noise made by the Baender device and enable the machine to be moved forward and backward; but these mechanical expedients, when applied to the device of the Baender patent, must have been well within the skill of any competent mechanic, and certainly, in view of the Conover patent, No. 847,278, of March 12, 1907, and the Dudley patent, No. 924,542, of June 8, 1909, and the Buell patent, No. 949,370 of February 15, 1910, the Sturgeon patent in this regard discloses, at best, improvements which fall far short of patentable novelty.

Any one would have known that a carpet sweeper must be moved

back and forth before the housewife would consider using it more than once, and such had been one of the attributes of the old-fashioned Bissell carpet sweeper for over a quarter century. Thus it remained for Sturgeon, or any one else, in view of the Baender patent and the prior art, only to apply ordinary skill to improve the Baender device to meet this requirement. Indeed, in this regard, Baender showed a conspicuous lack of that knowledge which even a man of such modest attainments as Dudley possessed, and what Sturgeon did surely did not amount to invention.

The bill is dismissed, with costs. Settle decree on five days' notice.